Carroll S. SCHACHT, Plaintiff,

v.

Senator Jacob K. JAVITS et al., Defendants.

71 Civ. 3409.

United States District Court, S. D. New York.

Sept. 17, 1971.

Carroll S. Schacht, Pro se.

Surrey, Karasik, Greene & Seham, New York· City, for defendant International Bank for Reconstruction and Development, by Carl F. Goodman.

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New

York, for defendant United States, by, Steven J. Glassman, Asst. U. S. Atty.

Cravath, Swaine & Moore, New York City, for defendants The Ford Foundation and J. E. Slater, by Norman Jay Itzkoff, New York City.

GURFEIN, District Judge.

## FACTS

The amended complaint names thirteen defendants whose alleged acts and omissions deprived the plaintiff of his rights in a copyrighted program designed to encourage private enterprise to invest in underdeveloped Latin American countries. Plaintiff allegedly gave his program to various defendants but never with the intention of relinquishing his rights therein.

In 1967 plaintiff commenced an action in this Court, Schact v. Benjamin A. Javits, et al, 67 Civ. 694, which apparently involves claims somewhat similar to those made here. The present suit is an attempt to include as defendants individuals and entities not named in 1967.[1]

The complaint in this action was drawn *pro se* and does not clearly state the basis for this Court's jurisdiction. The plaintiff's claims all seem to be includable in the three categories he mentions in paragraph 30 of the amended complaint—(1) breach of copyright; (2) misrepresentation; and (3) conspiracy to defraud.

## MOTION TO TRANSFER VEUE

Plaintiff, *pro se*, moves to transfer venue from this District to the Southern District of California. In support of this motion the plaintiff cites poor finances, ill health, his desire not to dis-rupt his family, and his inability to obtain counsel in this District (Motion, Part H). The motion is opposed by defendants International Bank for Reconstruction and Development, the United States of America, The Ford Foundation and J. E. Slater.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ "[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend * * * upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343–344, 80 S.Ct. 1084, 1089, 4 L. Ed.2d 1254 (1960). An action is not "brought" simply by filing a complaint pursuant to F.R.Civ.P. Rule 3; § 1404(a) "presupposes that the defendant can be served." Foster-Milburn Co. v. Knight, 181 F.2d 949, 951 (2 Cir. 1949); see Harry Rich Corp. v. Curtiss-Wright Corp., 308 F.Supp. 1114 (S.D.N.Y.1969). Rule 4(f) provides that generally process may be served "within the territorial limits of the state in which the district court is held." The exception in Rule 4(f) is that "when authorized by a statute of the United States or by these rules [process may be served] beyond the territorial limits of that state."

■ The amended *pro se* complaint may be read as asserting diversity jurisdiction, jurisdiction under the copyright laws and a general Federal question jurisdiction. With respect to the diversity jurisdiction, venue may be laid "only in the judicial district where all plaintiffs

---

1. Early in 1971 plaintiff moved to join Senator Javits and The Ford Foundation as defendants in the 1967 suit. On February 23, 1971 Judge Frankel denied the motion without prejudice to plaintiff's right to file a separate action against those parties and to seek joinder of the two actions (Motion, Part D, ¶ 6). The present action was commenced on July 30, 1971. An amended complaint was filed August 19, 1971. As of the date of this motion no answers had been served by any of the defendants.

or all defendants reside, or in which the claim arose." (28 U.S.C. § 1391). Since the plaintiff alleges that he is a resident of California he could have brought the action there but he could not have served the defendants "in the territorial limits of that state." With respect to jurisdiction based on a Federal question, venue surely could not be laid in the District Court in California for all the defendants do not reside there, nor did the claim arise there (ibid). With respect to venue under the copyright laws, such civil actions may only be brought in the District in which the defendant or his agent resides (28 U.S. C. § 1400(a)).

Of the thirteen defendants named in the amended complaint only the United States is clearly subject to service of process in the Southern District of California. F.R.Civ.P. Rule 4(d) (4). According to the amended complaint both The Ford Foundation and the Ford Motor Company "conduct business" in the area of Southern California, but no other defendants were subject to California jurisdiction at the time this action was brought. F.R.Civ.P. Rule 4(d) (1), (3), (7).

■ Even assuming that this action is based purely on diversity and that venue would have been proper in the Southern District of California, absent a showing that all defendants could have been served in that District, plaintiff's motion fails to fulfill the requirements of § 1404(a). Levin v. Mississippi River Corp., 289 F.Supp. 353 (S.D.N.Y. 1968). The motion must be denied.[2]

## MOTION TO CONSOLIDATE WITH SCHACHT V. BENJAMIN A. JAVITS, 67 Civ. 694

Plaintiff moves to consolidate these actions on the grounds that consolidation would help him in securing an attorney, would strengthen his position, and would correct alleged failures of plaintiff's former attorneys.

F.R.Civ.P. Rule 42(a) provides, in pertinent part:

"When actions involving a common question of law or fact are pending before the court * * * it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The defendants object to consolidation primarily because the complaint is confusing and because consolidation of two actions will only add to the confusion inherent in each. They also note that all the parties are not common to both actions, that acts alleged in the present action occurred after the 1967 action, and that the 1967 action is virtually ready for trial.

■ While there may be questions of law common to both actions, this does not justify consolidation, particularly where, as here, parties would be prejudiced by the confusion arising from an unclear complaint and from the circumstance that the cases are in different phases of pre-trial procedures. Certainly each defendant's alleged contribution to plaintiff's damages involves a separate set of facts. "The purpose of con-

2. In any event the Court finds that there is no balance of convenience in favor of the plaintiff to justify a severance or other form of circumvention. Cf. Wyndham Associates v. Bintliff, 398 F.2d 614, 618 (2 Cir. 1968).

This case does not require production of documents or witnesses available only in California. There are no issues involving the substantive law of California. Transfer of venue is particularly inappropriate where plaintiff is also moving to consolidate this action with another already before this Court. Schacht v. Benjamin A. Javits, et al., 67 Civ. 694.

solidation is to permit trial convenience and economy in administration." Mac-Alister v. Guterma, 263 F.2d 65, 68 (2 Cir. 1958); see Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). But proper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation. Plaintiff in his motion papers gives the Court no assistance in comparing the two actions in order to determine the desirability of consolidation. Plaintiff's failure to marshall facts supporting consolidation and the reasoned opposition by four of the defendants are persuasive grounds for denying the motion.

## MOTION TO ORDER SENATOR JAVITS TO ACCEPT SERVICE

■ Plaintiff asks the Court to order Senator Jacob K. Javits to accept service of the complaint. The motion is frivolous and is denied because the Federal Rules of Civil Procedure prescribe sufficient methods by which service can be effected (Rule 4(d)).

## MOTION TO AMEND COMPLAINT (MOTION, PART B)

■ F.R.Civ.P. Rule 15(a) provides that:

> "A party many amend his pleading once as a matter of course at any time before a responsive pleading is served. * * *"

There being no indication that responsive pleadings to the original complaint have been served in this action, the plaintiff has effectively amended his complaint by filing the amended complaint on August 19, 1971.

## REQUEST THAT THE COURT ENFORCE SUBPOENA OF OCTOBER 16, 1968

Senator Javits' oral deposition was taken by the plaintiff in plaintiff's earlier action, Schacht v. Benjamin A. Javits, et al, 67 Civ. 694. Plaintiff apparently moves this Court to order production of certain material under the subpoena which summoned Senator Javits. Not only is plaintiff's motion unclear but it relates to an action separate from the one currently before this Court.

## OTHER MOTIONS.

■ Plaintiff demands a jury trial (Motion, Part C) and requests an order requiring attorneys for defendants to examine plaintiff as soon as possible after "argument of their answers" (Motion, Part E). As to his demand for a trial by jury, plaintiff's proper course is to serve such a demand upon the other parties pursuant to F.R.Civ.P. Rule 38. With respect to plaintiff's request for prompt discovery, the Court is in no position to order defendants to commence discovery. See F.R.Civ.P. Rule 26.

So ordered.