Gary W. DONNER, Lawrence C. Brown, and R. Jeffrey Morrison, d/b/a Donner, Brown & Morrison, Plaintiffs,

v.

SULCUS COMPUTER CORPORATION and Compu/Close Corporation, Defendants.

Civ. A. No. C84–1221A.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 9, 1984.

R. Jeffrey Morrison, Donner, Brown & Morrison, Atlanta, Ga., for plaintiffs.

William R. King, Lipshutz, Frankel, Greenblatt, King & Cohen, Gary C. Harris, Atlanta, Ga., for defendants.

ORDER

FORRESTER, District Judge.

This case is now pending before the court on motions by defendant Compu/Close Corporation to remand the case to state court, and on two motions by defendant Sulcus, one to strike the amended and recast complaint, and the other to dismiss the cross-claim of Compu/Close Corporation. Plaintiffs have not opposed any of those motions. This case was originally brought in the Superior Court of Cobb County by the plaintiffs against Sulcus Computer Corporation as the sole defend-

ant. On June 20, 1984, defendant Sulcus removed the case pursuant to 28 U.S.C. § 1446, on the grounds of diversity of citizenship. On June 25, 1984, Sulcus Computer Corporation served its answer to the complaint, which was filed in this court on June 26, 1984. Also on June 25, 1984, the plaintiffs served their "Amended and Recast Complaint" which named the defendant Compu/Close, which, like plaintiffs, is a citizen of the State of Georgia. The amended and recast complaint was filed in this court on June 27, 1984.[1] On July 16, 1984, defendant Compu/Close filed its answer, which included a cross-claim against defendant Sulcus Computer Corporation. Also on July 16, 1984, Compu/Close moved that this court remand this action to the Superior Court for Cobb County, since its presence in the case destroyed complete diversity with the plaintiffs.

Defendant Sulcus has moved to strike the amended and recast complaint which was filed in this court on June 27, 1984, on several grounds. First, Sulcus alleges that the purpose of the amended complaint was to destroy diversity. In support of this contention, Sulcus points out that the amended complaint does not allege any substantive wrongdoing by Compu/Close; it merely prays for judgment against them. In addition, Sulcus has argued that because its answer was served before the amended complaint was filed, leave of court was required for the plaintiffs to file an amended complaint.

■■■ Rule 15(a) of the *Federal Rules of Civil Procedure* provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party ...." In order to determine whether the plaintiffs in this action were entitled to amend the complaint as of right, it is necessary to determine when the amendment of

a complaint is effective. The Southern District of New York addressed this question in *Schacht v. Javits*, 53 F.R.D. 321 (1971). In that case, the court held that "... the plaintiff has effectively amended his complaint by *filing* the amended complaint ...." *Id.* at 325. Additionally, Rule 3 of the *Federal Rules of Civil Procedure* provides that "a civil action is commenced by *filing* a complaint with the court." The court concludes that the amendment of a complaint is not effective until the amendment is filed with the court. Such a determination makes sense, since pursuant to Rule 4(a) of the *Federal Rules of Civil Procedure*, the court's mechanism for service of process cannot be implemented until filing of the complaint. With this in mind, the court concludes that the amendment sought by the plaintiffs was not as of right, and required the leave of court. Rule 15 permits amendment as of right only before a responsive pleading is *served*. In the present case, the defendant Sulcus served its answer to plaintiffs' original complaint on June 25, 1984. Although plaintiffs served the amended complaint on June 25, 1984, such amendment would not have been effective until June 27, 1984, when it was filed. Thus, plaintiffs did not amend the complaint before a responsive pleading was served. The court therefore concludes that leave of court is required in order for plaintiffs to amend the complaint to add Compu/Close as a defendant.

■■■ The court has determined that leave of court to amend the complaint should not be granted, and that Sulcus' motion to strike the amended complaint should be granted.[2] The addition of Compu/Close as a defendant in the present case would destroy diversity jurisdiction. In such a case, it is within the discretion of the trial court to deny a motion to amend. *Faser v. Sears, Roebuck & Company*, 674 F.2d 856,

---

1. Simultaneous with the filing of the amended complaint, plaintiffs filed an acknowledgement of service of the complaint as amended executed by Compu/Close. Amended Complaint, ¶ 5.

2. Compu/Close has filed a response to the motion to strike, stating that it does not oppose it. The plaintiffs have filed no response.

859 (11th Cir.1982) (not error for district court to refuse to destroy its power to adjudicate the case). The court concludes that the purpose of plaintiffs in filing the amended complaint could only have been to destroy diversity. No substantive allegation against Compu/Close is contained therein. A review of the seven counts of the complaint reveals that plaintiffs allege wrongdoing only by Sulcus.[3] Before the amended complaint was even filed, plaintiff's co-resident, Compu/Close, acknowledged service. Finally, plaintiffs have filed no opposition to Sulcus' motion to strike on the grounds that the amended complaint was intended to destroy diversity. Therefore, such motion is presumably agreeable to plaintiffs. *See* Local Rule 91.2. In light of all of the foregoing, the court concludes that justice does not require the free granting of leave to file[4] this amended complaint.[5]

In summary, the motion of defendant Sulcus to strike the amended and recast complaint is GRANTED. Sulcus' motion to dismiss the cross-claim of Compu/Close is DENIED as moot, since Compu/Close is no longer a party to this action. Similarly, Compu/Close's motion to remand is also DENIED as moot. Finally, the motion filed on August 22, 1984, by Sulcus to stay compliance with the dates in the scheduling order is also DENIED as moot, since the ground of that motion was the presence of Compu/Close in the case.

3. The counts are cast as follows: Count 1—"Sulcus has violated its implied warranty of merchantability;" Count 2—"Sulcus has violated its implied warranty that its computer products were fit for use ...;" Count 3—"Sulcus made express material representations to plaintiffs which were misleading and false ...;" Count 4—"Sulcus breached its agreements ...;" Count 5—"Sulcus advised plaintiffs to install dedicated electrical service ... which is now useless ...;" Count 6—"Sulcus' products [failed] to perform as represented ...;" Count 7—"Sulcus has acted in bad faith ...."

4. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."

5. Sulcus has argued in its brief supporting its motion to dismiss Compu/Close's cross claim

that plaintiffs never achieved proper service of process on Compu/Close, since the provisions of Fed.R.Civ.P. 4(a) were not complied with. Sulcus then reasons that this deprives the court of subject matter jurisdiction. Service under Rule 4 relates to *personal*, not subject matter, jurisdiction. 2 Moore's Federal Practice, ¶ 4.02[3] (1981). Personal jurisdiction objections may be waived, *id.,* as may objections to defects in the service of process. Fed.R.Civ.P. 12(h)(1). It would appear to the court that only Compu/Close has standing to object to this court's exercise of personal jurisdiction over it, but it is unnecessary to determine this issue in view of the court's decision that the amendment to the complaint is not allowed.