**Michael HOLCOMB, David Growdon, Richard Vizzolini, Bob Posch, Plaintiffs–Appellants,**

v.

**BINGHAM TOYOTA, a California Corporation, Byrum Bingham, Craig Tucker, Does I through X, Inclusive, Defendants–Appellees.**

No. 88–1752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1989.

Decided April 3, 1989.

Michael E. Rowe, Joby Dupuis, Law Offices of Bennett, Sharpe & Dupuis, Fresno, Cal., for plaintiffs-appellants.

Howard A. Sagaser, Jory, Peterson & Sagaser, Fresno, Cal., for defendants-appellees.

Before CHOY, SNEED and NOONAN, Circuit Judges.

SNEED, Circuit Judge:

Plaintiffs appeal from the district court's order granting defendants' removal petition and dismissing their complaint on the ground that it was preempted by § 7 and § 8 of the National Labor Relations Act (NLRA). *See* 29 U.S.C. §§ 157, 158 (1982).

We reverse and remand and direct that this case be remanded to the state court from which it was removed.

## I.

### FACTS AND PROCEEDINGS BELOW

Appellants Holcomb, Vizzolini, and Growdon were employed by Bingham Toyota as salesmen. They were fired after they refused to contribute money to buy Byrum Bingham, the owner of the dealership, a Christmas present. There are also allegations that Bingham retaliated against employees who refused to contribute by removing certain fringe benefits such as the use of demonstration vehicles and sales incentives. Initially, only Holcomb was discharged; however, Vizzolini and Growdon were also discharged for protesting Holcomb's firing. The salesmen filed a complaint with the National Labor Relations Board (NLRB) charging that Bingham Toyota committed an unfair labor practice by firing them for engaging in concerted activity in violation of § 7 and § 8 of the NLRA. *See* 29 U.S.C. §§ 157–158 (1982). The NLRB found evidence to support plaintiffs' claims and issued a complaint. This action was later settled by the parties.

Plaintiffs, not satisfied, filed this action in California state court alleging five causes of action. The first and second counts alleged that plaintiffs were wrongfully discharged. The third cause of action alleged breach of employment contracts. The fourth and fifth causes of action alleged the violation of two state statutes, Cal.Labor Code § 1054 (West 1971) and Cal.Bus. & Prof.Code § 17200 (West 1987), respectively. Bingham removed the case to federal court and moved to dismiss the complaint on the ground that the plaintiffs' claims were preempted by the NLRA. The district court concluded that all plaintiffs' causes of actions were preempted and dismissed the complaint.

## II.

### JURISDICTION

Jurisdiction is the issue raised by this appeal. The district court removed the case pursuant to 28 U.S.C. § 1441(b) (1982). This court has jurisdiction to determine jurisdiction under § 1292.

## III.

### STANDARD OF REVIEW

This court reviews the district court's decision to grant a petition for removal de novo. *See Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 930 (9th Cir.1986), *aff'd*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1988). The party invoking the removal statute has the burden of establishing federal jurisdiction. *Id.*

## IV.

### REMOVAL

Defendants claim that plaintiffs' causes of action arise under federal law and are therefore removable under 28 U.S.C. § 1441(b). As a general proposition, the federal question must appear from the face of the plaintiff's complaint. A defendant may not remove a case on the basis of a federal defense, including preemption. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). It is undisputed that the plaintiffs' complaint in this case does not, on its face, raise a federal question. However, there is a corollary to the well-pleaded complaint rule. Under the artful pleading doctrine, "federal courts may take jurisdiction over a complaint removed from state court where the plaintiff, although framing his action under state law, in actuality raises an essential federal question." *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 931 (9th Cir.1986), *aff'd*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This exception permits a court "to investigate the true nature of the plaintiff's affirmative allegations, often looking to the petition for removal to clarify the action presented...." *Id.* at 931 n. 1; *see* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, at 266–75 (1985).

If, as defendants claim, plaintiffs' causes of action are within the exclusive

jurisdiction of the NLRB, federal law is the source of such claims. The complaint, therefore, would raise a federal question. A state law claim that is completely preempted "is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987); *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1544, 95 L.Ed.2d 55 (1987). Thus, in order to find that the complaint in this case was artfully pleaded, we must find that § 7 and § 8 of the NLRA completely preempt state law.

In *Williams*, the defendants argued that the plaintiffs' claims were preempted by the Labor Management Relations Act. In a footnote, however, we theorized that § 7 and § 8 of the NLRA might completely preempt state law. *See Williams*, 786 F.2d at 934 n. 3. The district court relied on this footnote and held that § 7 and § 8 of the NLRA completely preempted the plaintiffs' causes of action. As a result, the court concluded that the plaintiffs' causes of action were removable.

■ In an intervening decision, this court, acknowledging instructions received from the Supreme Court in *Caterpillar*, rejected footnote three in *Williams* and held that § 7 and § 8 of the NLRA do not completely preempt state law and therefore a defendant asserting preemption under these sections cannot remove a case to federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1397–98 (9th Cir.1988).

Because these statutes do not completely preempt state law, we must hold that the plaintiff's complaint is not artfully pled. Plaintiffs have not raised a federal question on the face of their complaint nor is a federal cause of action "concealed" by artful pleading. The state courts are fully able to determine whether the plaintiffs' claims are preempted. The district court erred in denying the plaintiffs' motion to remand.

REVERSED and REMANDED.