951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon E. BUNTING, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon E. Bunting appeals pro se the district court's dismissal of his action, which had been removed from state to federal court pursuant to 28 U.S.C. § 1441(b). The district court dismissed the action against the United States for lack of subject matter jurisdiction on the grounds that the action is barred by the doctrine of sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7241(a). On appeal, Bunting does not challenge the propriety of the district court's determination that it lacked subject matter jurisdiction over his action, which challenged the Internal Revenue Service's (IRS) efforts to collect federal taxes. Instead, he contends that the district court erred in not remanding his action to state court pursuant to 28 U.S.C. § 1447(c). We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.[1]
 
 
 3
 * Background
 
 
 4
 Bunting originally filed this action in the superior court for the state of California. Bunting sought injunctive and declaratory relief against the United States on the grounds that the IRS violated California law by proceeding with tax collection activities without a prior judicial hearing and determination and that the United States had violated other rights guaranteed to him by the California constitution. The United States successfully petitioned for removal of the action to district court pursuant to 28 U.S.C. § 1441(b). The district court then determined that the United States had not waived its sovereign immunity for this type of suit and dismissed the action for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1).
 
 II
 Analysis
 A. Standard of Review
 
 5
 We review de novo the district court's decision to grant a petition for removal pursuant to section 1441(b). See Holcomb v. Bingham Toyota, 871 F.2d 109, 110 (9th Cir.1989). Similarly, whether the district court erred in not remanding an action to state court is a question of law which we review de novo. See, e.g., Bell v. City of Kellogg, 922 F.2d 1418, 1424 (9th Cir.1991).
 
 B. Removal
 
 6
 Section 1441(b) of Title 28 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable...." See 28 U.S.C. § 1441(b). Furthermore, "[u]nder the artful pleading doctrine, federal courts may take jurisdiction over a complaint removed from state court where the plaintiff, although framing his action under state law, in actuality raises an essential federal question." Holcomb, 871 F.2d at 110 (9th Cir.1989) (quotations omitted).
 
 
 7
 Here, the district court had subject matter jurisdiction over Bunting's action pursuant to 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." See 28 U.S.C. § 1340; Arford v. United States, 934 F.2d 229, 231 (9th Cir.1991). Moreover, Bunting's action, although framed as a state law action, turns on the impact of federal tax laws on his property, which is a federal question governed by federal law. See United States v. Rodgers, 461 U.S. 677, 683 (1983); see also Holcomb, 871 F.2d at 110 (artful pleading doctrine); Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 769 (9th Cir.1986) ("[a]n action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law"). Accordingly, the district court correctly found that removal was appropriate.
 
 C. Remand
 
 8
 Bunting contends that the district court erred by not remanding the case to state court pursuant to 28 U.S.C. § 1447(c), which provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This contention is without merit.
 
 
 9
 Bunting, like the district court, fails to distinguish between a statutory grant of subject matter jurisdiction and sovereign immunity. As we stated in Arford, subject matter jurisdiction and sovereign immunity are separate issues. See 934 F.2d at 231 ("[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity"). But cf. Latch v. United States, 842 F.2d 1031, 1033 (9th Cir.1988) (applying subject matter jurisdiction, instead of sovereign immunity, to bar action seeking declaratory judgment with respect to federal tax collection).
 
 
 10
 Normally distinguishing between these closely related doctrines is not important to the final outcome of an action. Here, however, because section 1447(c) provides for remand of the action to state court if "the district court lacks subject matter jurisdiction," the district court's couching of the sovereign immunity question in subject matter jurisdiction language has clouded the issues and formed the basis for this appeal. Nevertheless, as in Arford, the clearer and correct analysis is that subject matter jurisdiction over this action is present pursuant to section 1340, but the action is not maintainable because the United States has not consented to be sued. See Arford, 934 F.2d at 231 (section 1340 constitutes a grant of subject matter jurisdiction but "does not constitute a waiver of sovereign immunity"); see also Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990) ("[a]bsent its consent to suit, an action against the United States must be dismissed"); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir.1986) (waiver of immunity must be demonstrated by party suing the United States); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-1459 (9th Cir.1985); 28 U.S.C. § 2201(a) (barring declaratory relief with respect to federal taxes); 26 U.S.C. § 7421(a) (barring injunctive relief). Accordingly, the district court did not err in dismissing the action rather than remanding it to state court.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It appears that the district court did not file a separate document entitled "judgment." Nevertheless, we find that we have jurisdiction over this appeal. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 383 (1978); McCalden v. California Library Ass'n, 919 F.2d 538, 542 (9th Cir.1990)
 
 
 [2]
 The government, citing our decision in Bell v. City of Kellogg, 922 F.2d 1418, 1424-25 (9th Cir.1991), contends that even if the district court lacked subject matter jurisdiction, the action properly was dismissed as futile. Because we find that the district court had subject matter jurisdiction over Bunting's action pursuant to section 1340, we need not address this contention