**Richard LYSTER, Plaintiff,**

v.

**FIRST NATIONWIDE BANK FINANCIAL CORPORATION, a Federal Savings Bank, a subsidiary of Ford Motor Company, a Michigan corporation, and Ford Motor Company, a Michigan corporation, Lucile Reid, and Does 1 through 10, Defendants.**

**No. C–93–0680 WHO.**

United States District Court, N.D. California.

June 22, 1993.

Stephanie M. Wells, Stephanie M. Wells Law Offices, Sausalito, CA, for plaintiff.

Richard N. Hill, John M. Phlelan, Littler Mendelson Fastiff & Tichy, San Francisco, CA, for defendants.

## OPINION AND ORDER

ORRICK, District Judge.

Plaintiff, Richard Lyster, moves to remand this case to the Superior Court for the State of California in and for the County of San Francisco. Defendants First Nationwide Bank, First Nationwide Financial Corporation, Ford Motor Company ("Ford"), and Lucile Reid (collectively "defendants") move to dismiss several causes of action in the complaint they removed to this Court. For the reasons stated herein, the Court finds that it is without jurisdiction over plaintiff's complaint and grants his motion to remand. Accordingly, defendants' motion to dismiss is denied as moot.

### I.

As is always the case on a motion to dismiss, the Court accepts as true the allegations contained in the complaint. *Arcade Water Dist. v. United States*, 940 F.2d 1265, 1267 (9th Cir.1991). The operative "complaint" for purposes of these motions is the one plaintiff filed January 28, 1993, in the California Superior Court; this is also the

complaint removed to this Court on February 25, 1993. Plaintiff filed a first amended complaint on March 15, 1993. He did so without leave of this Court or his opposing parties' consent. Although plaintiff may have thought his amendment proper under Rule 15(a) of the Federal Rules of Civil Procedure (party may amend his "pleading once as a matter of course at any time before a responsive pleading is served"), the first amended complaint may not be used to defeat the removal of plaintiff's case to federal court. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 1477, at 562 (2d ed. 1990) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

Plaintiff worked for First Nationwide from July 13, 1987, until he was terminated on February 14, 1992. First Nationwide, a federal savings bank, is owned by Ford. Ford also owns The Associates, a savings and loan institution. During the course of his employment at First Nationwide, plaintiff administered the Ford Employee Banking Program.

On February 8, 1991, plaintiff was assigned to work with The Associates and to assist with Ford's APEX program; the APEX program "booked" loans in First Nationwide's name. Prior to February 8, 1991, the Office of Thrift Supervision ("OTS") and the Federal Deposit Insurance Corporation had found the APEX program in a state of noncompliance with federal banking regulations dealing with affiliate transactions.

On October 4, 1991, plaintiff complained to senior management at First Nationwide that the APEX program continued to operate in violation of federal and state laws; plaintiff specifically cited 12 U.S.C. § 371c, which places restrictions on transactions with affiliates. On January 2, 1992, plaintiff advised First Nationwide of his intention to give additional information of the allegedly illegal activities to the OTS. Plaintiff did write to the OTS on February 14, 1992, concerning his knowledge of the affiliate transaction violations. Later that same day, plaintiff was summarily discharged. Between the time plaintiff notified senior management of the continuing violations and the date of his termination, plaintiff was placed on performance improvement, his responsibilities were limited, and he started reporting to an individual who had less seniority than did plaintiff's previous supervisor.

Plaintiff had experienced other problems at First Nationwide prior to his termination. Beginning in April 1990, plaintiff reported to Reid. Reid allegedly made unwelcome and unsolicited verbal remarks of a sexual nature that created an offensive and hostile work environment for plaintiff. On December 3, 1991, plaintiff gave notice to First Nationwide that he was the victim of sex discrimination and sexual harassment. On December 12, 1991, Reid placed plaintiff in the performance improvement program.

On January 29, 1992, plaintiff filed a charge with the California Department of Fair Employment and Housing ("DFEH"), alleging sex discrimination and sexual harassment by Reid. On February 13, 1992, one day before his termination, plaintiff's supervisors received notice that plaintiff had filed a charge with the DFEH and that he had contacted the OTS.

Plaintiff filed his complaint in the California Superior Court on January 28, 1993. Plaintiff stated six causes of action: (1) wrongful termination, (2) sexual harassment, (3) sex discrimination, (4) age discrimination, (5) retaliation, and (6) tortious interference with contractual relationship. Defendants removed plaintiff's complaint to this Court on February 25, 1993.

## II.

The federal question removal statute provides in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "The party invoking the removal statute has the burden of establishing federal jurisdiction." *Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir.), *cert. denied,* 493 U.S. 846, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989).

This suit lacks complete diversity among the parties: plaintiff is a citizen of California and defendant First Nationwide is incorporated in the state of California. For this Court to acquire removal jurisdiction over plaintiff's suit, therefore, that suit must arise under federal law.

■ To determine whether plaintiff's suit arises under federal law, the Court must apply the "well pleaded complaint" rule:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute ..., must be determined from what *necessarily appears* in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914) (emphasis added). The determination of whether a case arises under federal law is *not* made by referring to the actual complaint filed, but rather to the "well pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

■ The Supreme Court has stated that the "vast majority" of cases that come within the federal courts' "arising under" jurisdiction fall within "Justice Holmes' statement, 'A suit arises under the law that creates the cause of action.'" *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)). If federal law does not create the plaintiff's cause of action, the suit may still "arise under" federal law, but *only if* "it appears that some *substantial,* disputed question of federal law is a *necessary element* of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.,* 463 U.S. at 13, 103 S.Ct. at 2848 (emphasis added).

■ Defendants do not argue that federal law creates any of plaintiff's causes of action. They claim instead that removal of this case was proper because two of plaintiff's causes of action fall into the second category of claims discussed in *Franchise Tax Board.* According to defendants, plaintiff's first cause of action for wrongful termination and his fifth cause of action for retaliation both involve a "substantial" question of federal law, and that the "substantial" question is a "necessary element" of each claim.

Defendants point to 12 U.S.C. § 1831j, which provides a civil remedy to individuals who are punished for reporting misconduct at federally-regulated financial institutions, and argue that the facts alleged in the first and fifth causes of action state a claim under § 1831j. With respect to plaintiff's first cause of action (for wrongful termination), defendants cite paragraph 19 of the complaint, wherein plaintiff alleges that he wrote to the OTS on February 14, 1992 "regarding his knowledge of [First Nationwide's] affiliate transaction violations," and also paragraph 21, wherein "[p]laintiff alleges that his termination was retaliatory for alleging violations by defendants which represent violations of public policy." With respect to plaintiff's fifth cause of action (for retaliation), defendants cite paragraph 51 of the complaint, wherein plaintiff alleges that defendants received notice on February 13, 1992 (one day before the termination), that he had contacted the OTS.

Defendants insist that the facts alleged in these paragraphs state a claim for relief under § 1831j. They cite the following portion of that statute:

> No insured depository institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee ... provided information to any Federal Banking agency or to the Attorney General regarding any possible violation of any law or regulation by the depository institution or any director, officer, or employee of the institution.

12 U.S.C. § 1831j(a)(1) (West Supp.1993). Defendants are correct that several provisions of this statute clearly apply to the facts alleged in plaintiff's complaint. First Nationwide is an "insured depository institution"

which did "discharge" plaintiff; the OTS, which is the federal banking institution involved in this case, is a "Federal banking agency" for purposes of this statute. *Id.* § 1831j(e). But the statute protects only a limited class of individuals, specifically "whistleblowers." A protected "whistleblower" under this statute is an employee who has provided information regarding any possible violation of any law or regulation. Plaintiff disputes that he falls within this definition because he insists he never actually "provided information" to the OTS prior to the time defendants decided to terminate his employment. The Court need not address plaintiff's argument because the removal of the complaint was improper for a more fundamental reason.

Defendants' argument, reduced to its essence, is as follows: (1) plaintiff alleges that he was fired for reporting banking improprieties to the OTS; (2) such allegations support a private right of action under § 1831j; (3) because these allegations are actionable under the federal statute, they give rise to a federal question that is "substantial," for purposes of the removal statute; (4) this "substantial" federal question is an "essential element" of the first as well as the fifth causes of action; (5) hence, removal to this Court was proper under the test stated in *Franchise Tax Board.* The argument here is that *both* causes of action allege a violation of § 1831j in the guise of state law claims for relief. Although defendants do not specify the legal basis for their argument, they appear to invoke the "artful pleading" doctrine, a brief discussion of which is in order.

"It is well established that 'the party who brings a suit is master to decide what law he will rely upon.'" *Redwood Theatres, Inc. v. Festival Enters., Inc.,* 908 F.2d 477, 479 (9th Cir.1990) (quoting *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)). This "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). To this end, where the plaintiff "can maintain his claim on both state and federal grounds, *he*

may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan v. First Affiliated Sec.,* 813 F.2d 1368, 1372 (9th Cir.) (emphasis added), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987).

"Although the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 860 (9th Cir. 1987), *cert. denied,* 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988). "The courts recharacterize the 'artfully-pleaded' complaint as though it had been 'well-pleaded.'" *Id.* at 861. The "artful pleading" doctrine "allows the removing court to look at the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action by relying solely on state law in the complaint." *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1370 (9th Cir. 1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985).

The "artful pleading" doctrine is not without its own limitations. The Ninth Circuit has referred to the doctrine as "a narrow exception to the straightforward rules of removal jurisdiction." *Sullivan,* 813 F.2d at 1372. What's more, the Ninth Circuit has emphasized that the "artful pleading" doctrine should be invoked "only in *exceptional circumstances,* because doing so raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Redwood Theatres,* 908 F.2d at 479 (internal quotation marks omitted).

The "exceptional circumstance" that most often justifies resort to the "artful pleading" doctrine is where the plaintiff's complaint masks a federal claim that completely preempts state law. "Once an area of state law has been completely pre-empted, *any claim* purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (emphasis added). This "complete preemption corollary" is most often applied in cases involving

§ 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430; *see also Stikes v. Chevron USA, Inc.*, 914 F.2d 1265, 1267 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2015, 114 L.Ed.2d 101 (1991); *Paige*, 826 F.2d at 860–61; *Garibaldi*, 726 F.2d at 1370. The "complete preemption corollary" also applies to suits brought under § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987); *see also Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973–74 (9th Cir.1993).

The relevant statute in this case, 12 U.S.C. § 1831j, can hardly be considered a candidate for the "complete preemption corollary." Unlike § 301 of the LMRA or § 502(a) of ERISA, § 1831j does *not* preempt state law. Defendants argue in their motion to dismiss that several of plaintiff's claims for relief are preempted by federal banking regulations, but the purported preemptive force of those regulations has nothing to do with § 1831j. Consequently, the Court need not apply the "artful pleading" doctrine to the allegations in plaintiff's complaint. Even if the allegations in plaintiff's complaint give rise to a claim under § 1831j, plaintiff has the option to frame those allegations in the form of state law claims, such as wrongful termination or retaliation. "[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429; *see also Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 (9th Cir. 1993) (holding that the Federal Crop Insurance Act of 1978, 7 U.S.C. §§ 1501–1520, lacks "the extraordinary preemptive force necessary for the application of the doctrine of complete preemption").

Defendants argue that removal jurisdiction is proper under the Supreme Court's reasoning in the *Merrell Dow* case. In *Merrell Dow*, the Court clarified the reach of the secondary basis for federal question jurisdiction outlined in *Franchise Tax Board* (where the state law claim involves a "substantial, disputed question of federal law"). The Court held that Congress' decision *not* to provide a federal remedy for a violation of a federal statute "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814, 106 S.Ct. at 3235.

The federal statute implicated by the state law complaint in *Merrell Dow* was the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301–394. Both parties before the Supreme Court agreed "that there is no federal cause of action for FDCA violations." 478 U.S. at 810, 106 S.Ct. at 3233. Accepting that premise as correct for purposes of deciding the case before it, the Court applied the test stated in the preceding paragraph and concluded that the removal to federal court had been improper. *Id.* at 817, 106 S.Ct. at 3236.

Defendants point out that § 1831j, unlike the FDCA, *does* create a private right of action:

> Any employee or former employee who believes he has been discharged or discriminated against in violation of subsection (a) of this section may file a civil action in the appropriate United States district court before the close of the 2–year period beginning on the date of such discharge or discrimination.

12 U.S.C. § 1831j(b). Defendants argue that this case is the "converse" of *Merrell Dow* because Congress *has* created a private right of action. According to defendants, § 1831j(b) is tantamount to a congressional conclusion that the presence of a claimed violation of § 1831j as an element of a state cause of action *is* sufficiently "substantial" to confer federal-question jurisdiction.

While this argument has superficial appeal, it breaks down on closer inspection. The Court in *Merrell Dow* made it quite clear that the secondary basis for federal question jurisdiction set forth in *Franchise Tax Board* is to be construed *narrowly*: "*Franchise Tax Board* ... did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478

U.S. at 813, 106 S.Ct. at 3234–35. Defendants' argument also runs head on into the Ninth Circuit's admonition that the "artful pleading" doctrine should be invoked "only in *exceptional circumstances.*" *Redwood Theatres,* 908 F.2d at 479 (internal quotation marks omitted).

*Merrell Dow* establishes a *per se* rule for evaluating assertions of jurisdiction where Congress has not provided a private right of action; in such cases, there is no "substantial" federal question for purposes of the *Franchise Tax Board* test. *Merrell Dow* neither purported to establish a *per se* rule for cases where Congress has provided a private right of action nor repudiated the well-established rule that "the party who brings a suit is master to decide what law he will rely upon." *The Fair,* 228 U.S. at 25, 33 S.Ct. at 411.

This reasoning also disposes of defendants' related argument, that the possibility that § 1831j may be incorporated into plaintiff's wrongful termination claim brings this case within *Franchise Tax Board*'s secondary basis for "arising under" jurisdiction. Defendants are correct that under California law, an action for wrongful discharge in violation of public policy (the type of wrongful discharge claim stated in plaintiff's first cause of action) will not lie unless the "public policy" allegedly violated is embodied in a constitutional or statutory provision. *Gantt v. Sentry Ins.,* 1 Cal. 4th 1083, 1095, 824 P.2d 680, 687, 4 Cal.Rptr.2d 874, 881 (1992). Defendants may also be correct that § 1831j is the only example of positive law that supports plaintiff's allegation that his discharge was "wrongful" because it violated public policy. The fact that a federal statute is incorporated by reference into a state law claim might render the federal statute a "necessary element" of the state law claim, but it does not thereby make the federal question a "substantial" one.

While plaintiff's experiences at First Nationwide might have given him license to bring a federal case under § 1831j, the mere existence of that statute does not deprive him of the right to sue defendants under state law alone.

### III.

This Court would not have original jurisdiction over plaintiff's complaint. Consequently, the Court cannot exercise removal jurisdiction over this action. For this reason,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand this action to the California Superior Court, in and for the County of San Francisco, is **GRANTED**. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

2. Defendants' motion to dismiss is **DENIED** as moot.