Mary Ann PALMQUIST, Plaintiff,

v.

CONSECO MEDICAL INSURANCE CO., Connecticut National Life Insurance Co., and Reginald Martin Agency, Inc., Defendants.

No. CIV 00–4192.

United States District Court,
D. South Dakota,
Southern Division.

Dec. 22, 2000.

Peter J. Bendorf, Sioux Falls, SD, for Plaintiff.

Kathryn Jean Hoskins, Siegel, Barnett & Schutz, Sioux Falls, SD, Derek L. Mandel, Huffer & Weathers, Indianapolis, IN, for Defendant Conseco Medical Ins. Co. Connecticut National Life Ins. Co.

John F. Cogley, Morgan, Theeler, Cogley & Petersen, Mitchell, SD, for Defendant Reginald Martin Agency.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Pending before the Court is Plaintiff's Motion to Remand. This action was filed by Plaintiff against all the above-named defendants in the Second Judicial District Court in Minnehaha County, South Dakota on October 12, 2000. The Complaint alleges breach of contract, bad faith breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress. According to the Complaint, Plaintiff entered into a contract for major medical insurance with defendant Connecticut National Life Insurance Company ("CNLIC").[1] Plaintiff claims she paid her premiums on time and that CNLIC and Conseco Medical Insurance Company ("CMIC") ("the defendant insurance companies") violated state law by fail-

---

1. The Complaint states that the contract is attached as Appendix A. That contract, however, is not attached to the Complaint submitted with the Notice of Removal.

ing to notify her of their intention not to renew her policy. Plaintiff alleges she did not learn of the cancellation of her insurance until after being bitten by a brown recluse spider. Plaintiff claims that since her injury, defendants have refused to honor their contract.

Defendants CMIC and CNLIC filed a Notice and Petition for Removal in this Court and in state court on October 16, 2000. CMIC and CNLIC based the removal of this action on diversity jurisdiction. Plaintiff is a resident of South Dakota. According to the Notice of Removal, CMIC is incorporated under the laws of the State of Indiana and CNLIC is incorporated under the laws of the State of Illinois. Each has its principal place of business in Carmel, Indiana. CMIC and CNLIC believe defendant Reginald Martin Agency, Inc. (the "Martin Agency") is an individual residing in South Dakota. CMIC and CNLIC claim that Plaintiff fraudulently joined the Martin Agency in this action for the purpose of destroying diversity jurisdiction.

On November 14, 2000, Plaintiff filed a Response in Opposition to Defendant Conseco's Petition for Removal which the Court will construe as a Motion to Remand. See 28 U.S.C. § 1447(c). Plaintiff attached to her motion an Amended Complaint dated October 18, 2000, which she argues resolves any claims of fraudulent joinder. Plaintiff served the Amended Complaint by mail on the same day that the Martin Agency served, by mail, its Answer to the original Complaint. The Martin Agency has since filed in this Court an Amended Answer to the Amended Complaint. Plaintiff's Amended Complaint has never been filed in this Court.

Defendants have filed a reply in support of their Petition for Removal. The Court

## DISCUSSION

■ Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court ... for the district and division embracing the place where such action is pending." CMIC and CNLIC have based removal of this action on diversity jurisdiction. A court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds the sum of $75,000 and "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996). A district court's diversity jurisdiction on removal is more narrow than it is with cases originally filed in district court. See *Federal Beef Processors, Inc. v. CBS, Inc.*, 851 F.Supp. 1430, 1434 (D.S.D.1994). An action based on diversity jurisdiction may only be removed if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In its Notice of Removal, CMIC and CNLIC state that the amount in controversy exceeds $75,000 and that they believe "Co–Defendant Martin is an individual residing in the State of South Dakota." Plaintiff, in her motion to remand, asserts that the Martin Agency is a South Dakota corporation. Therefore, it would appear that there is no diversity jurisdiction.

■ CMIC and CNLIC claim, however, that removal is proper because Plaintiff fraudulently joined the Martin Agency for the purpose of destroying diversity.[2] If a

---

**2.** The Martin Agency did not join in the Petition for Removal. It is generally held that 28 U.S.C. § 1446(a) requires that all defendants consent to removal. See *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995). While Plaintiff did not address this issue, the

Court notes that the "unanimity rule may be disregarded ... where a defendant has been fraudulently joined." *Id.* at 213 n. 4; *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (application of the unanimity rule in cases involving fraudulent joinder

defendant is fraudulently joined that defendant's "residency is disregarded for purposes of determining the jurisdictional issue." *Federal Beef Processors, Inc.*, 851 F.Supp. at 1435. The burden of proving fraudulent joinder is on the party seeking to remove the action. *Id.* A party does not need to demonstrate fraudulent intent on the part of the plaintiff in order to prove fraudulent joinder. *Id.* Instead, one way to prove fraudulent joinder is to show that "on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant," *Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir. 1983), and, therefore, "plaintiff has no chance of succeeding in its claim against the challenged defendant," *Federal Beef Processors, Inc.*, 851 F.Supp. at 1435.

■ "The right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed." *See Farm Bureau Mutual Insurance Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D.Kan.1994); *see also Marquette Nat'l Bank of Minneapolis v. First Nat'l Bank of Omaha*, 422 F.Supp. 1346, 1349 (D.Minn.1976). Thus, before the Court can analyze the fraudulent joinder claim it must decide what the status of the pleadings were at the time of removal. Plaintiff argues that she timely served an Amended Complaint which states a claim against the Martin Agency and thereby defeats any claims of fraudulent joinder. In response CMIC and CNLIC claim that once the notice of removal was filed the federal court gained exclusive jurisdiction over the action. The result, according to CMIC and CNLIC, is that the Court may not consider the Amended Complaint because it was served after the notice of removal was filed.

■ Removal is not effective until a notice of removal is filed in state court. *See Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir.1996) (finding district court erred

would be "nonsensical"). Thus, the Martin Agency's lack of consent is not a barrier to

in refusing to consider an amended state court complaint where the amended complaint was filed after the notice of removal was filed in federal court but before the notice of removal was filed in state court). The Notice and Petition for Removal was signed on October 13, 2000, and filed in this Court on October 16, 2000. The Court requested the docket sheet in the state court action from the Clerk of Court for the Second Circuit Court of Minnehaha County. That docket sheet indicates that a notice of removal was also filed in the state court on October 16, 2000. Plaintiff executed the Amended Complaint on October 18, 2000. Therefore, removal was effective prior to Plaintiff's service of the Amended Complaint. As a result, only the original Complaint was properly before the Court at the time of removal and, therefore, only it will be considered by the Court in determining whether there was fraudulent joinder.

■ As noted above, a defendant is fraudulently joined if, "on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson*, 724 F.2d at 84. CMIC and CNLIC make this exact argument: that the Complaint does not allege a valid claim against the Martin Agency. The Court agrees. It is clear from the face of the Complaint that Plaintiff has not stated a cause of action against the Martin Agency. The Martin Agency is only mentioned in one paragraph of the Complaint. In that paragraph, Plaintiff merely states that the Martin Agency was, at all relevant times, the agent of the defendant insurance companies. Plaintiff does not make any substantive allegations against the Martin Agency. Indeed, in paragraph 12, Plaintiff claims that CNLIC and, parenthetically, CMIC were responsible for notifying her of the cancellation of her policy under the contract. At no point does Plaintiff as-

removal.

cribe any duty to the Martin Agency or any failure to perform under the contract or state law. This Court concludes that the Martin Agency was fraudulently joined. As a result, the Martin Agency's residence may not be considered in determining this Court's jurisdiction and removal is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).

That, however, does not end the inquiry. Plaintiff claims the action should be remanded on the basis of the Amended Complaint. Once removal was effective, this Court retained exclusive jurisdiction over the action and the parties became subject to the Federal Rules of Civil Procedure. *See Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir.1992); 14C Charles Alan Wright & Arthur R. Miller, et al. *Federal Practice and Procedure* § 3738 (3d ed.1998). Therefore, under Federal Rule of Civil Procedure 15(a). Plaintiff might have been able to amend her complaint as of right "before a responsive pleading [was] served." *But see Lyster v. First Nationwide Bank Financial Corp.*, 829 F.Supp. 1163, 1165 (N.D.Ca. 1993) (complaint amended as of right may not be used to defeat removal).

Plaintiff claims that her Amended Complaint was served simultaneously with service of the Martin Agency's answer. Certain courts have held that an amended complaint is not effective until is it filed with the court. *See Donner v. Sulcus Computer Corp.*, 103 F.R.D. 548, 549 (N.D.Ga.1984); *see also Masters v. Daniel Int'l Corp.*, 1991 WL 107410, at *1 n. 1 (D.Kan. May 3, 1991); *Schacht v. Javits*, 53 F.R.D. 321, 325 (S.D.N.Y.1971). In *Donner* for example, the court held that the plaintiff could not amend the complaint as of right where the amended complaint and the answer from the defendant were served simultaneously and the amended complaint was not filed until two days after service. *See Donner*, 103 F.R.D. at 549. The *Donner* court, relying in part on Federal Rule of Civil Procedure 3 which requires the filing of an initial complaint before an action can be commenced, reasoned that all complaints must be filed to be effective. *Id.*

This Court does not agree with the reasoning of *Donner*. Rule 3 must be read together with the service provisions of Federal Rule of Civil Procedure 5. Rule 5(a) states "[e]xcept as otherwise provided in these rules, ... every pleading subsequent to the original complaint unless the court otherwise orders ... shall be served upon each of the parties." Service is affected by "mailing it to the attorney or party." *See* Fed.R.Civ.P. 5(b). The filing of the initial complaint serves a specific purpose: it must be filed in order to commence the action and give the court in which it is filed jurisdiction over the action. Once the initial complaint is filed, the court has jurisdiction over the matter and the amended complaint does not need to be filed in order to give the court jurisdiction over the case. Of course, as discussed below, the Court recognizes that all pleadings subsequent to the original filing are subject to the requirement in Rule 5(d) that they be filed within a "reasonable time." Still, an amended complaint serves a different purpose than an initial complaint and there is nothing in Rule 3 to preclude an amended complaint from becoming effective upon proper service, as would any other pleading. Therefore, this Court does not find that the simultaneous service of an amended complaint and an answer to the original complaint would prevent Plaintiff from amending her complaint as of right.

However, Plaintiff has never filed the Amended Complaint with this Court. Under Rule 5(d). "[a]ll papers after the complaint required to be served on a party, ... shall be filed with the court within a reasonable time after service." It has been two months since Plaintiff served the Amended Complaint and it is still not filed with this Court. This is wholly unreasonable. *See Biocore Medical Tech., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 668

(D.Kan.1998). As a result, the Court finds that the original Complaint was not properly amended as of right and it will not be considered for purposes of the motion ·to remand.

Rule 5(d) does not provide a remedy for a violation of its provisions. A violation of the rule is generally corrected by an order compelling the filing of the missing pleading. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1152 (2d ed.1987). Compelling the filing of the Amended Complaint would not help Plaintiff, however, because the Amended Complaint would not have supported a motion to remand. Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." The Amended Complaint neglects to allege the residences of the defendants as required to establish diversity jurisdiction. Thus, even if the Amended Complaint were considered, it would not state a reason for defeating the Court's jurisdiction. Accordingly.

IT IS ORDERED:

(1) that Plaintiff's Response in Opposition to Defendant Conseco's Petition for Removal, which the Court has construed as a motion to remand, is denied without prejudice to a later motion to remand; and

(2) that the original Complaint will be controlling until and unless Plaintiff is granted leave to amend the Complaint.