COX CABLE HAMPTON ROADS, INC., Plaintiff,

v.

CITY OF NORFOLK, VIRGINIA, Defendant.

Civ. A. No. 90–1390–N.

United States District Court, E.D. Virginia, Norfolk Division.

July 9, 1990.

Wayne Lustig, Mays & Valentine, Norfolk, Va., for plaintiff.

M. Wayne Ringer, Williams, Worrell, Kelly, Greer & Frank, P.C., Norfolk, Va., for defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's motion, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Circuit Court of the City of Norfolk, Virginia. Plaintiff originally filed suit in state court challenging the Norfolk City Council's passage of Ordinance No. 36,026 (hereinafter referred to as "Ordinance"), which amended and reordained subsection (E) of Section 24–213 of the Norfolk City Code to include cable television service within the definition of the term "utility service." The Ordinance also amended and reordained subsection (A) of Section 24–214 of the Norfolk City Code to establish a seven (7) percent utility tax on cable television service.

In its complaint, plaintiff alleges the following causes of action:

Count I Absence of legislative authority in the Norfolk City Charter or in the Virginia Code for a utility tax on cable television service.

Count II Violation of the franchise agreement entered into by both parties on July 25, 1989.

Count III Violation of 42 U.S.C. § 1983 by depriving plaintiff of its right to freedom of speech as guaranteed by the first amendment.

Count IV Violation of 42 U.S.C. § 1983 by depriving plaintiff of its right to equal protection under the law as guaranteed by the fourteenth amendment.

Count V Violation of the Cable Communications Policy Act, 47 U.S.C. § 542(b), which places a limit of five (5) percent on the amount of utility tax

that may be imposed on cable television service.

Count VI Violation of Article 1, Section 12 of the Virginia Constitution.

Count VII Violation of Article 10, Section 1 of the Virginia Constitution.

*Bill Of Complaint And Motion For Temporary Injunction,* Chancery Docket No. C90–851 (Circuit Court of the City of Norfolk, June 1, 1990). Plaintiff sought to enjoin the City of Norfolk from enforcing the Ordinance, as amended, as well as to obtain declaratory relief that the Ordinance is invalid. *Id.* at 14. Alternatively, plaintiff requested relief pursuant to Va.Code §§ 58.1–3984 and 58.1–3987, which provide for relief from erroneous assessments and for exoneration from erroneous tax assessments, respectively. *Id.* at 15.

 Pursuant to 28 U.S.C. § 1441, defendant removed this action to this court stating as its grounds for removal that Counts III, IV, and V state causes of action involving federal questions over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331, and that Counts I, II, VI, and VII assert state law claims over which this court has pendent jurisdiction. Plaintiff moves to remand this action on the ground that because the suit concerns a challenge to a local tax on cable television service, this court is barred from asserting jurisdiction by the Tax Injunction Act, 28 U.S.C. § 1341. *Motion To Remand Removed Action,* Civil Action No. 90–1390–N, at 1 (E.D.Va., June 18, 1990). The parties briefed the issues relevant to this motion, and the court conducted a hearing on July 3, 1990.

The Tax Injunction Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Supreme Court has stated

that the purpose of section 1341 is to enable states and localities to handle local tax matters with extremely limited intervention by federal district courts. *Rosewell v. La-Salle National Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981); *see Strescon Industries v. Cohen,* 664 F.2d 929 (4th Cir.1981). While section 1341, by its own terms, bars federal courts from asserting jurisdiction over federal suits which seek injunctive relief, the Supreme Court has held that the Tax Injunction Act also prevents federal courts from giving declaratory relief, provided a plain, speedy, and efficient remedy exists in state court. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982). The Fourth Circuit Court of Appeals, in *Hutcherson v. Board of Supervisors,* 742 F.2d 142, 145–46 (4th Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1358, 84 L.Ed.2d 380 (1985),[1] after reviewing the remedies provided under Virginia law, held that Virginia does indeed offer "in her courts the opportunity for a plain, speedy and efficient remedy within the meaning of 28 U.S.C. § 1341."[2] In light of both the statutory and decisional law in this area, it is clear that this court is barred from asserting jurisdiction over Counts III, IV, and V to the extent that these claims seek injunctive and declaratory relief.

 The remaining issue concerns whether this court has jurisdiction over Counts III, IV, and V to the extent that these claims assert causes of action for damages. The Supreme Court, in *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981), held that the principle of comity bars federal courts from entertaining actions for damages brought pursuant to 42 U.S.C. § 1983, which actions attack the validity of state tax matters, provided adequate state remedies exist.[3] In

---

1. *Hutcherson* involved a challenge to a local utility tax brought by taxpayers in federal court. The Fourth Circuit fully considered the effect and mandate of the Tax Injunction Act and concluded, for basically the same reasons as set forth in this opinion, that a federal court is without jurisdiction to hear such cases.

2. Defendant does not contest the adequacy of the remedy afforded in state court.

3. Counts III and IV of the complaint claim violations under 42 U.S.C. § 1983, and Count V claims a violation of the Cable Communications Policy Act, 47 U.S.C. § 542(b). *See supra* at 2.

*McNary*, the Court declined to decide whether the Tax Injunction Act, by itself, would warrant a similar result. *Id.* at 107, 102 S.Ct. at 181. More significantly, however, the Court explained that the principle of comity, which predated 28 U.S.C. § 1341, was not restricted by the passage of the Tax Injunction Act. Specifically, the Court stated: "[n]either the legislative history of the [Tax Injunction Act] nor that of its precursor, 28 U.S.C. § 1342, suggests that Congress intended that federal-court deference in state tax matters be limited to the actions enumerated in those sections." *Id.* at 110, 102 S.Ct. at 183. Therefore, federal court deference is broader when based on the principle of comity rather than on the Tax Injunction Act and the authorities construing that Act. *In re Gillis*, 836 F.2d 1001, 1006 (6th Cir.1988).

■ Defendant maintains that *McNary* is not binding in this case. Specifically, defendant argues that since the *McNary* decision is based on the principle of comity and on a policy of nonintervention in state tax matters, a state may waive comity and seek relief in federal court. *Defendant's Memorandum in Opposition to Motion to Remand*, Civil Action No. 90–1390–N, at 10 (E.D.Va., June 25, 1990).[4] Defendant states that comity, which "exists to protect the ability to function of the state taxing authorities [sic], should not be applied in a case in which the taxing authority seeks the exercise of federal court jurisdiction." *Id.* Defendant relies on *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 480, 97 S.Ct. 1898, 1904, 52 L.Ed.2d 513 (1977), for the proposition that since the City of Norfolk chooses to submit to a federal forum, this court is bound to accept defendant's waiver of the principle of comity. *Id.* *Hodory*, however, does not require a federal court to entertain a suit simply because a party to that suit prefers to adjudicate disputed claims in a federal arena. The Court indicated that "[i]f the State voluntarily chooses to submit to a federal forum, principles of comity *do not demand* that the federal court force the case back into the State's own system." *Id.* (emphasis added). This court interprets this statement to mean that while federal courts may consider claims which the principle of comity would ordinarily require be referred to state courts, they may also refuse to entertain suits despite litigants' desires to waive the principle of comity and proceed in federal court.[5]

■ The Court's decision in *McNary* prohibits Counts III, IV, and V, to the extent that these claims seek money damages, from being maintained in federal court, even though defendant desires federal court intervention.[6] The principle of comity underlying the Court's decision in

---

Although *McNary* dealt with claims for money damages under 42 U.S.C. § 1983, the principles applied by and the reasoning of the Court are equally applicable to claims for money damages arising under other federal statutes, as long as the underlying action is one involving state tax matters. *See McNary*, 454 U.S. at 111, 102 S.Ct. at 183 (Court recognized that focus of its cases applying principle of comity is "not on the specific form of relief requested," but on the effect on state tax matters); *infra* note 4.

**4.** Defendant also asserts that this court has jurisdiction over plaintiff's entire complaint because Count V alleges that the Ordinance is violative of the Cable Communications Policy Act. The thrust of this suit, however, concerns the validity of a local tax ordinance. The Cable Communications Policy Act serves only as one theory under which the Ordinance is alleged to be invalid. Because the case, considered in its entirety, involves a state tax issue, this court will not discuss Count V separately. Moreover, because the Cable Communications Policy Act, 47

U.S.C. § 556(b), provides for concurrent jurisdiction, the Act itself does not require federal intervention. *See generally Nashoba Communications Ltd. Partnership No. 7 v. Town of Danvers*, 893 F.2d 435, 439–40 (1st Cir.1990) (The federal appellate court, in a suit brought under the Cable Communications Policy Act, recognized the jurisdiction available to state courts to adjudicate issues involving the Act, and stated: "[C]able systems are essentially the concern of local governments and even the Cable Act recognizes the continued state interest in how they operate.")

**5.** BLACK'S LAW DICTIONARY at 242 (5th ed. 1979) (emphasis added), defines "judicial comity" as "[t]he principle in accordance with which the courts of one state or jurisdiction will give effect to laws and judicial decisions of another state or jurisdiction, *not as a matter of obligation but out of deference and respect.*"

**6.** *See supra* note 3.

*McNary* focuses on the intrusiveness and disruption caused by federal intervention into the fiscal operations of the states. 454 U.S. at 110–11, 102 S.Ct. at 183–84 (quoting *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943)). Regardless of the form of relief requested, federal suits challenging the validity of state taxing schemes, "in every practical sense ... operate to suspend collection of the state taxes until the litigation [has] ended." *Great Lakes,* 319 U.S. at 299, 63 S.Ct. at 1073, *quoted in McNary,* 454 U.S. at 111, 102 S.Ct. at 184. In spite of defendant's willingness to waive the principle of comity, this court may not ignore those considerations which the Supreme Court has consistently held to constrain federal court intervention and to promote federal court deference in state matters.

Finally, in *Hardwick v. Cuomo,* 891 F.2d 1097, 1100–1103 (3d Cir.1989), the State of New York offered to waive the limitations placed on federal district court jurisdiction by the Tax Injunction Act in order to obtain federal adjudication of the State of New Jersey's challenge to New York's application of its income tax statutes to nonresidents. The Third Circuit Court of Appeals held that "even though the Tax Injunction Act is intended to protect the taxing authorities acting under state law, it has been regularly held that they cannot waive its jurisdictional bar as it is a restraint on the courts, not the parties." *Id.* at 1104. This case is another illustration of the refusal and reluctance of federal courts to become involved in state tax matters, even when the state itself is willing to waive the juris-

dictional limitations. It clearly would be improper for this court to waive the principle of comity in the case at bar, when this principle provides federal courts with more latitude to defer to state courts than the Tax Injunction Act. *See In re Gillis,* 836 F.2d at 1005–09 (court thoroughly reviews propriety of applying the principle of comity to state tax questions, even where Tax Injunction Act may not apply); *supra* at 1076.[7]

For the reasons stated herein, this court finds that because Virginia offers the parties to this action a plain, speedy, and efficient remedy in her courts, this court lacks jurisdiction over Counts III, IV, and V. The Tax Injunction Act as well as the Supreme Court and circuit court authorities cited herein require that Counts III, IV, and V be remanded. The remaining causes of action alleged in Counts I, II, VI, and VII raise purely state claims. Therefore, the case must be remanded in its entirety. Accordingly, plaintiff's motion to remand is GRANTED, and it is ORDERED that the case be REMANDED to the Circuit Court of the City of Norfolk, Virginia.

---

7. Moreover, for this court to waive the principle of comity and to exercise jurisdiction over the federal causes of action in Counts III, IV, and V, to the extent money damages are sought as an alternative claim of relief for a refund of the taxes pursuant to Va.Code §§ 58.1–3984 and 58.-1–3987, would be both inequitable and a waste of judicial resources. As discussed herein, this federal court is without jurisdiction under the Tax Injunction Act to entertain suits for injunctive or declaratory relief involving state tax matters. *See supra* at 1075. These are the primary forms of relief sought on all counts in this suit. Therefore, even if this court assumed jurisdiction over the claims for money damages in Counts III, IV, and V, equity would require

that the entire case be remanded forthwith to the state court for determination of the claims for injunctive and declaratory relief. This court would then stay the proceeding on the claim for money damages in Counts III, IV, and V, until a state court determination of the injunctive and declaratory relief. The matter would then have to be presented again in federal court on the claim for money damages. This piecemeal, disruptive approach is precisely what the Supreme Court addressed and sought to avoid in *McNary,* 454 U.S. at 110–16, 102 S.Ct. at 183–86, and *Great Lakes,* 319 U.S. at 298–99, 63 S.Ct. at 1073, when it applied the principle of comity to cases involving state tax matters.