

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-1995

# Balazik v County of Dauphin

Precedential or Non-Precedential:

Docket 94-7338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Balazik v County of Dauphin" (1995). *1995 Decisions.* Paper 4.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/4

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

----------

No. 94-7350

----------

JOSEPH C. BALAZIK; EDITH C. BALAZIK;
DAVID BEDARD; JUDITH L. BEDARD; DONALD
F. FRICCHIONE, M.D.; MARIA CLAUDIA
FRICCHIONE; JOSEPH F. SALZINGER; DOUGLAS
G. RICKER; CHRISTINE L. RICKER, on behalf
of themselves and all owners of real
property that was constructed or
rehabilitated in the defendant townships
since July 1, 1983

v.

COUNTY OF DAUPHIN; DAUPHIN COUNTY BOARD
OF ASSESSMENT APPEALS; DERRY TOWNSHIP;
LOWER PAXTON TOWNSHIP; LOWER SWATARA
TOWNSHIP; SUSQUEHANNA TOWNSHIP; SWATARA
TOWNSHIP; CENTRAL DAUPHIN SCHOOL DISTRICT;
DERRY TOWNSHIP SCHOOL DISTRICT; LOWER
DAUPHIN SCHOOL DISTRICT; MIDDLETOWN AREA
SCHOOL DISTRICT; STEELTON-HIGHSPIRE
SCHOOL DISTRICT; SUSQUEHANNA SCHOOL
DISTRICT


THE HONORABLE WILLIAM W. CALDWELL,

Nominal Respondent


SWATARA TOWNSHIP,

Petitioner

----------

On Petition for Writ of Mandamus to the
United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 94-00401)
----------

Argued Tuesday, November 29, 1994

----------

No. 94-7338

----------

JOSEPH C. BALAZIK; EDITH C. BALAZIK;
DAVID BEDARD; JUDITH L. BEDARD; DONALD
F. FRICCHIONE, M.D.; MARIA CLAUDIA
FRICCHIONE; JOSEPH F. SALZINGER; DOUGLAS
G. RICKER; CHRISTINE L. RICKER, on behalf
of themselves and all owners of real
property that was constructed or
rehabilitated in the defendant townships
since July 1, 1983

v.

COUNTY OF DAUPHIN; DAUPHIN COUNTY BOARD OF
ASSESSMENT APPEALS; DERRY TOWNSHIP; LOWER
PAXTON TOWNSHIP; LOWER SWATARA TOWNSHIP;
SUSQUEHANNA TOWNSHIP; SWATARA TOWNSHIP;
CENTRAL DAUPHIN SCHOOL DISTRICT; DERRY
TOWNSHIP SCHOOL DISTRICT; LOWER DAUPHIN
SCHOOL DISTRICT; MIDDLETOWN AREA SCHOOL
DISTRICT; STEELTON-HIGHSPIRE SCHOOL DISTRICT;
SUSQUEHANNA SCHOOL DISTRICT


                              SWATARA TOWNSHIP,

                                   Appellant
                  ----------

On Appeal from the United States District Court
    for the Middle District of Pennsylvania
         (D.C. Civil No. 94-00401)

                  ----------

Submitted Under Third Circuit LAR 34.1(a)
         Tuesday, November 29, 1994

BEFORE:  HUTCHINSON, NYGAARD and GARTH Circuit Judges

                  ----------

(Opinion filed January 5, 1995)

----------

Anthony R. Sherr (Argued)
Deborah Z. Winfield
Sherr, Joffe & Zuckerman
200 Four Falls Corporate Center
P.O. Box 800, Suite 400
West Conshohocken, Pennsylvania  19428-0800

<u>Attorneys for Township of Swatara</u>
<u>Petitioner/Appellant</u>


Robert A. Swift (Argued)
Dennis F. Sheils
Kohn, Nast & Graf
1101 Market Street
24th Floor
Philadelphia, Pennsylvania  19107

Theodore A. Adler
Reager & Adler
127 State Street
Harrisburg, Pennsylvania  17101

Richard D. Adamson
Adamson & Kennedy
253 West Main Street
Kutztown, Pennsylvania  19530

<u>Attorneys for Joseph C. Balazik, Edith</u>
<u>C. Balazik, David Bedard, Judith L.</u>
<u>Bedard, Donald F. Fricchione, Maria</u>
<u>Claudia Fricchione, Joseph F.</u>
<u>Salzinger, Douglas G. Ricker and</u>
<u>Christine L. Ricker</u>
<u>Respondents/Appellees</u>


Carl G. Wass
Caldwell & Kearns
3631 North Front Street
Harrisburg, Pennsylvania  17110

<u>Attorney for Dauphin County and</u>
<u>Dauphin County Board of Assessment</u>
<u>Appeals</u>
<u>Respondents/Appellees</u>

Richard H. Wix
Wix, Wenger & Weidner
200 Prince Street
Harrisburg, Pennsylvania  17109-3099

Attorney for Township of Lower Paxton
Respondent/Appellee

John A. Roe
John A. Roe Law Office
107 North Front Street
Harrisburg, Pennsylvania  17101

Attorney for Susquehanna Township
Respondent/Appellee

Stuart L. Knade
Cleckner & Fearen
31 North Second Street
Harrisburg, Pennsylvania  17101

Attorney for Central Dauphin School,
Derry Township School District, Lower
Dauphin School, Middletown School
Area, and Susquehanna School District
Respondents/Appellees


Douglas B. Marcello
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, Pennsylvania  17108

Attorney for Steelton-Highspire
School District
Respondent/Appellee

----------

OPINION OF THE COURT

----------


GARTH, Circuit Judge:

An appeal and a petition for mandamus seek review of an order of the district court judge remanding this proceeding to state court pursuant to <u>Fair Assessment in Real Estate Ass'n, Inc. v. McNary</u>, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). The central issues presented are whether this Court's review is barred by the operation of 28 U.S.C. § 1447(d), and, if not, whether the remand was proper. Because review of a district court's remand order is generally available, if at all, only through a mandamus proceeding, we will dismiss the appeal at 94-7338. We conclude that we may review the remand order by way of a mandamus, and because remand should have been ordered, we will also deny the petition.

I

Nine plaintiffs-respondents-appellees (the "Balaziks"),[1] recent purchasers of real property in Dauphin County, Pennsylvania, commenced this putative class action pursuant to 28 U.S.C. § 1983 in the Court of Common Pleas of Dauphin County on March 1, 1994, against 13 defendants, including defendants-appellants Dauphin County and the Dauphin County Board of Assessment Appeals, and defendant-appellant-petitioner Swatara Township (collectively, "Swatara"). The Balaziks, and the other similarly situated plaintiffs, seek to recover damages allegedly sustained as the result of the defendant taxing authorities'

---

[1]. For ease of reference, we will refer to the nine plaintiffs-respondents-appellees collectively as the "Balaziks."

practice of reassessing and taxing at fair market values newly acquired and rehabilitated properties without similarly reassessing longer held, non-rehabilitated properties. The Balaziks allege that this "Welcome Stranger" policy results in a higher tax burden for taxpayers such as themselves, and constitutes a violation of their rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

On March 18, 1994, defendants Dauphin County, Dauphin County Board of Assessment Appeals and Swatara removed the case from the Court of Common Pleas to the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441 and 1443. Swatara has candidly admitted that it sought removal in order to avoid the effects of <u>Murtagh v. County of Berks</u>, 535 Pa. 50, 634 A.2d 179 (Pa. 1993), a recent decision of the Pennsylvania Supreme Court which held that taxpayers need not exhaust the administrative remedies available to them under state law in order to file a § 1983 action in state court. The remaining ten defendants did not join in Swatara's removal notice.[2]

_____

[2]. It appears from the record that the following defendants did not join in the removal: Derry Township, Lower Paxton Township, Lower Swatara Township, Central Dauphin School District, Derry Township Public Schools, Lower Dauphin School District, Middletown Area School District, and Susquehanna School District. Susquehanna Township and Steelton-Highspire School District, which had not joined initially, later concurred in the removal. App. 19-20.

Having removed the case to federal court, Swatara proceeded to seek dismissal of the Balaziks' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of the Balaziks to pursue state procedural remedies.  In response, the Balaziks made a timely motion to have the proceedings remanded to state court under 28 U.S.C. § 1447(c), claiming that the district court lacked subject matter jurisdiction.

On May 11, 1994, the district court rejected the Balaziks' contention that it lacked jurisdiction, but ordered the case remanded as a matter of comity pursuant to Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)  (holding that taxpayers are barred by the principle of comity from asserting § 1983 damages actions in federal courts based on the administration of state tax systems).

The district court also noted that not all plaintiffs had joined in the notice of removal, although it did not rule on this issue in deciding Balazik's motion to remand.  Dist. Ct. Memo. at 3 n. 1.

On June 1, 1994, at Docket 94-7338, Swatara appealed the remand order, and on June 10, 1994, Dauphin County and the Dauphin County Board of Assessment Appeals also filed a notice of appeal from the remand order.  On June 20, 1994, at Docket 94-7350, Swatara petitioned this Court pursuant to 28 U.S.C. § 1651 to issue a writ of mandamus compelling the district court judge to vacate his remand order and to adjudicate the case.  These actions have been consolidated.

As discussed hereafter, 28 U.S.C. § 1447(d) bars review, by direct appeal or otherwise, of remands ordered on the basis of a defect in removal procedure or for lack of federal subject matter jurisdiction. On appeal, and in support of its petition, Swatara has argued that the remand order is (1) reviewable because it was predicated on McNary comity grounds, and (2) improper because McNary should be read to permit only dismissals of proceedings, not remands.

On the other hand, before us, but not before the district court, the Balaziks have urged that the failure of all the defendants to join in the removal was a defect in the removal procedure warranting remand. They suggest that this defect bars our review by the operation of § 1447(d). In addition, the Balaziks contend that remand is in all events proper because McNary is a permissible basis for remand.

The threshold question, then, is whether we have jurisdiction to entertain Swatara's objections to the remand, and, if so, on what basis.

II

28 U.S.C. § 1447(d), with one exception not applicable here (see footnote 7, infra), provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . .." This apparently global bar to appellate review of remand orders has been interpreted by the Supreme Court to apply only to remand orders issued pursuant

to 28 U.S.C. § 1447(c),[3] Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976) ("Thermtron"), and since Thermtron was decided we have held a variety of remand orders to be reviewable. See Aliota v. Graham, 984 F.2d 1350, 1355 (3d Cir.), cert. denied, __ U.S. __, 114 S.Ct. 69 (1993) (citing Third Circuit cases reviewing remand orders); see also Carr v. American Red Cross, 17 F.3d 671 (3d Cir. 1994); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984). However, when the bar of § 1447(d) does apply, it is absolute, forbidding not only appeals but also writs of mandamus, the "or otherwise" referred to in the statute. Thermtron, 423 U.S. at 336.

Thus, whether we may review the May 11th remand order of the district court turns on the basis for the remand. As we noted in PAS v. Travelers Ins. Co., 7 F.3d 349 (3d Cir. 1993), "[c]ases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." Id. at 352. Our review is therefore barred only if one of these grounds formed the basis of the remand.

The Balaziks contend, first, that no review may be had because not all of the defendants joined in the removal, thus

---

[3]. 28 U.S.C. § 1447(c) (1994), as amended, provides in relevant part as follows:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

constituting a "defect in removal procedure."  We agree that the failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c).  We would have been required to resolve the issue of our review on that basis, had the district court so held.  However, as earlier noted, and as we discuss infra, the district court did not rule on a § 1447(c) ground.  Thus, the bar to appellate review commanded by § 1447(c) and § 1447(d) is inapplicable in light of the district court's ground of decision, and we are obliged to disagree with the Balaziks that our review is forestalled in the instant case.

A

Section 1446(a) of 28 U.S.C. requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal."  Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants.  See, e.g.,  Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) ("if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one. . ..");  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when

there is more than one defendant, all must join in the removal petition").[4]

Failure of all defendants to join is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional.  See Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) (the "failure to join all the defendants in a removal petition is not a jurisdictional defect");  In re Amoco Petroleum Additives Co., 964 F.2d 706, 713 (7th Cir. 1992); McGlinchey v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989).

Here, while it appears from the record that not all of the defendants joined in the removal notice, this fact was merely noted, and neither ruled upon nor relied upon, by the district court in entering its remand order.  Dist. Ct. Memo. at 4 n.1. Thermtron forestalls review only when the remand order is issued "pursuant to" § 1447(c).  Thermtron, 423 U.S. at 343.  "If a trial judge purports to remand a case on [§ 1447(c) grounds], his order is not subject to challenge in the court of appeals, by mandamus or otherwise."  Id. (emphasis added).

---

[4]. The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.  See McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045, n.5 (E.D.Pa. 1989) (citing Fellhauer v. City of Geneva, 673 F.Supp 1445, 1447 n.4 (N.D. Ill. 1987).  See also 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168[3.-2-2].  Another exception is when a non-resident defendant has not been served at the time the removing defendants filed their petition.  See Lewis, 757 F.2d at 69.  Swatara has not argued that any of these exceptions apply to the present case.

Thus, our review is forestalled only when the stated reasons for the remand include procedural or jurisdictional defects: "[O]nly remand orders issued under 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)." Id. at 346 (emphasis added). The mere existence of a defect in removal procedure, where timely objection is not made and where the district court does not rely on § 1447(c) as the ground of its decision, does not preclude our review. Hence, our review is not proscribed even if a remand could have been ordered based on a § 1447(c) ground, but was not. Because the district court expressly declined to base its remand order on § 1447(c) grounds, we cannot rely upon a § 1447(c) procedural defect, i.e. the failure of all the defendants to join in the removal notice, as a bar to our review.[5]

B

The Balaziks next argue that the district court's remand, even if based only on McNary grounds, is nonetheless unreviewable. They state that "[r]eview [of remand orders] should not be permitted when, as here, the district court's decision to remand is based upon grounds, that it has authority to consider, that lead the district court to conclude that it is

_____

[5]. Our examination of the record shows that the Balaziks did not draw the district court's attention to the failure of all the defendants to join in removal, even though the district court recognized that fact. Thus, they neither preserved the issue for appeal nor acted within the 30 day statutory time limit provided for in § 1447(c). See McGlinchey, 866 F.2d at 653.

required to remand the action to state court."  Plaintiff's Letter Memorandum 7/18/1994 at 6-7.

This argument, which amounts to the contention that § 1447(d) bars review in all cases where a remand is required, must be rejected, as it contravenes the Supreme Court's ruling in Thermtron that review is barred only when the remand is based on § 1447(c): "There is no indication whatsoever that Congress intended to extend the prohibition against review to reach remand orders entered on grounds not provided by the statute." Thermtron, 423 U.S. at 350.  Further, it fails to consider this Court's decisions reviewing, and in some cases affirming, remands that were not based on § 1447(c).[6]  As we have previously noted:

> [W]hile section 1447(d) was intended "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues," -- and the district court is therefore given the last word on whether it has jurisdiction to hear the case --, that policy does not apply when the district court has reached beyond jurisdictional issues or issues of defective removal, and has remanded for other reasons.

Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1211 (3d Cir.), cert. denied, __ U.S. __, 112 S.Ct. 302 (1991) (quoting Thermtron, 423 U.S. at 351).

---

[6].  See, e.g., Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir. 1989) (holding review appropriate where district court had remanded case for procedural defects after 30-day time limit in § 1447(c) had expired); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir.), cert. denied, __ U.S. __, 112 S.Ct. 302 (1991) (holding remand based on a forum selection clause was not within § 1447(c), hence reviewable, and proper).  See also Aliota v. Graham, 984 F.2d 1350, 1355 (3d Cir. 1993) (citing cases); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984).

Because the district court did not purport to remand these proceedings on grounds contained in § 1447(c), the jurisdictional bar of § 1447(d) does not apply, and we have jurisdiction to review the May 11, 1994 order of the district court.[7]

III

As the Supreme Court explained in Thermtron, "because an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done.'" Id., 423 U.S. at 352-53 (quoting Chicago & Alton R.R. Co. v. Wiswall, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1875)). Thus, we have held that an appeal will not ordinarily lie from a remand order, and that review is to be had, if at all, only by mandamus. See PAS, 7 F.3d at 352-53; see

_____

[7]. Swatara also contends that we may review the remand under an exception to §1447(d) pertaining to cases removed pursuant to the Civil Rights Removal Act, 28 U.S.C. § 1443. This argument is without merit, as § 1443 provides for removal by a defendant for the protection of the defendant's civil rights (or interests in respecting such rights). See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 814, 824 n. 22 (1966). Here, state taxing authorities are allegedly seeking to perpetuate, rather than eradicate, tax inequalities. As one author has noted, removal under § 1443 must be "sharply distinguished from the removal of an action brought by a plaintiff under 42 U.S.C. § 1983 to redress a violation of the plaintiff's civil rights." 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.165 (emphasis added). Moreover, § 1443 is available only when the civil rights at issue are matters of racial equality. State of Georgia v. Rachel, 384 U.S. 780, 792 (1966). There is no contention that race is implicated in the instant dispute.

also <u>Antonio Garcia v. Island Program Designer, Inc.</u>, 4 F.3d 57,

59 (1st Cir. 1993) (remand reviewable only by mandamus).[8]

Because mandamus is the appropriate review mechanism,

we will dismiss Swatara's appeal and confine ourselves to a

consideration of whether the writ of mandamus should issue.


IV

Swatara strenuously objects to the district court's

decision to remand the case. In essence, Swatara contends that

<u>McNary</u>, which itself affirmed a dismissal, permits no other

result, such as a remand. We understand the policy enunciated by

the Supreme Court in <u>Carnegie-Mellon University v. Cohill</u>, 484

U.S. 343 (1988) (upholding remand to a state court of a removed

case involving pendent state law claims partly on comity grounds)

to apply with equal force to a <u>McNary</u> remand. We therefore

conclude that remand is an option open to the district court in

_____

[8]. There are exceptions to this general rule. For instance, a direct appeal may sometimes be had when a remand involves a "collateral order" under <u>Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.</u>, 460 U.S. 1, 8-10 (1983). <u>See</u> <u>Carr v. American Red Cross</u>, 17 F.3d 671 (3d Cir. 1994) (holding that an appeal may lie from both a dispositive order and a subsequent remand when the district court's dispositive order is separable from the subsequent order of remand and meets the finality requirement of 28 U.S.C. § 1291, and where that final dispositive order triggers the order of remand); <u>Foster</u> (order remanding a case pursuant to a forum selection clause is collateral final order on the merits which may be reviewed by appeal). <u>But see</u> <u>PAS</u>, 7 F.3d at 353 (stating that "development of the collateral order doctrine did not nullify <u>Wiswall</u>'s holding that review in such cases should be accomplished by mandamus"). Here, we are dealing with a "garden variety" remand involving no collateral issues, hence no exceptions to the general rule of non-appealability (as contrasted with mandamus) pertain.

*McNary* cases provided that there exists the same predicate to dismissal required by *McNary*, *i.e.* a "plain, adequate and complete" remedy at the state level. Because Pennsylvania law provides such a remedy, remand here was proper and Swatara's request for the writ will therefore be denied.

The Tax Injunction Act, 28 U.S.C. § 1341, provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Section 1341 has been read to bar both injunctive and declaratory actions involving state taxes in federal court. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). On facts similar to those in the present case, the issue in *McNary* was whether § 1341, which in terms refers only to equitable relief, also prevents federal courts from entertaining *damage* actions predicated on an allegedly unconstitutional tax.

Rather than determine whether the Tax Injunction Act also bars subject matter jurisdiction over § 1983 damage suits in federal courts, the *McNary* Court concluded that the need for deference to the states in matters involving the administration of state and local taxes meant that "taxpayers are barred by the principle of *comity* from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies,

provided . . . that those remedies are plain, adequate, and complete. . .." McNary, 454 U.S. at 116 (emphasis added).[9]

The Balaziks' § 1983 challenge to the "Welcome Stranger" taxpayer policy is in all relevant respects identical to the action considered in McNary. The McNary Court, however, affirmed the district court's dismissal of the plaintiff's action without addressing the issue of whether a remand might have been

---

[9]. The McNary Court, at 454 U.S. 100, 108 n. 6, cited with approval the explanation given by Justice Brennan, in Perez v. Ledesma, 401 U.S. 82 (1971), for federal-court deference in matters regarding state tax administration:

> The special reasons justifying the policy of federal noninterference with state tax collection are obvious. The procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with the state procedures. If federal declaratory relief were available to test state tax assessments, state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state law, which, like issues of state regulatory law, are more properly heard in the state courts.

Id. at 128, n. 17 (Brennan, J., concurring in part and dissenting in part).

appropriate, and it is this question which we are now called upon to resolve.

In support of its argument that McNary requires dismissal rather than remand, Swatara cites Thermtron for the proposition that a district court may remand a removed case only on the grounds stated in § 1447(c) (lack of jurisdiction or defect in the removal procedure). Although Thermtron contained passages which support this reading, the Supreme Court's interpretation of Thermtron in Cohill makes clear that the provisions of § 1447(c) do not exhaust the scope of the federal remand power. As this Court has already recognized, "the circumstance that a remand is based on non-statutory grounds, though important post-Thermtron, is, post-Cohill, of diminished significance. Cohill clearly overruled Thermtron to the extent that Thermtron had held that only statutory grounds for remand are authorized." Foster, 933 F.2d at 1214.

In Thermtron, the district court had remanded the case to state court in order to avoid delay due to the size of its own docket. The Thermtron Court, after noting that removal had been proper and that the district court therefore had subject matter jurisdiction over the dispute, stated that:

> [W]e are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute. . . . Because the District Judge remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power. . ..

_Thermtron_, 423 U.S. at 351.

This passage appears to limit remand to grounds specified by a "controlling statute," and Swatara has seized upon it to support its argument that remand under the non-statutory _McNary_ rational must be improper. An examination of _Cohill_ and our post-_Cohill_ decisions suggests otherwise.

_Cohill_ held that it is within the discretion of a district court to remand to a state court a removed case involving pendent claims once the plaintiff has dismissed the federal question counts of the complaint. After pointing out that "[i]n _Thermtron_, the District Court had no authority to decline to hear the removed case," the Court stated that "[i]n contrast, when a removed case involves pendent state-law claims, a district court has undoubted discretion to decline to hear the case. The only remaining issue is whether the district court may decline jurisdiction through a remand as well as through dismissal." _Cohill_, 484 U.S. at 356.

The Court in _Cohill_ thus explained that while _Thermtron_'s application of mandamus applies when a federal court is obliged to hear the case in the first instance, "an entirely different situation is presented when the district court has clear power to decline to exercise jurisdiction." _Id._

In _Foster_, we held that the district court was within its authority in remanding, rather than dismissing, an otherwise properly removed case when a forum selection clause granted the plaintiff the right to choose a state forum, stating that:

> Unlike the district court in <u>Thermtron</u>, the
> district court here did not refuse to hear a
> case properly before it.  Indeed, the
> district court in this case accepted
> jurisdiction and, in the exercise of that
> jurisdiction, determined, as a threshold
> matter on the merits, that . . . the case
> ought not [to] have been in federal court.

<u>Id.</u> at 1215–16.  We concluded that "as no one doubts the district

court's power to <u>dismiss</u> pursuant to a properly construed forum

selection clause if a plaintiff violates the clause, 'Congress's

silence in the removal statute [as to other potential grounds for

remand] does not negate the power to . . . <u>remand</u> . . ..'" <u>Id.</u> at

1215 (quoting <u>Cohill</u>, 484 U.S. at 354) (footnote omitted,

emphasis supplied in <u>Foster</u>).  In so holding we emphasized that

"Congress is concerned that removal procedure be handled in a

manner that promotes economy, convenience, and fairness -- the

very concerns used by the Court to justify remand in <u>Cohill</u>."

<u>Foster</u>, 933 F.2d at 1216.[10]

---

[10].  Other courts have similarly held that <u>Thermtron</u> in light of
<u>Cohill</u> does not absolutely limit the instances in which a remand
may be had.  See <u>Corcoran v. Ardra Ins. Co., Ltd.</u>, 842 F.2d 31,
36 (2nd Cir. 1988) (holding that abstention in a removed case was
a proper ground for remand, and citing <u>Cohill</u> for the proposition
that when a district court has the authority to dismiss a case,
it also has authority to remand a case in appropriate
circumstances).
        Our decision in <u>Bradgate Associates, Inc. v. Fellows,
Read & Associates, Inc.</u>, 999 F.2d 745 (3d Cir. 1993) also
addressed the remand principle set forth in <u>Foster</u>.  We stated
therein that "[w]e do not read <u>Foster</u> to say that district courts
may remand a case merely because they have the authority to
dismiss. . .."  <u>Id.</u> at 750 n. 4.  This statement must be
understood in context.  <u>Bradgate</u> involved a removed action which
had been consolidated with an action originally filed in federal
court.  Upon determining that it lacked subject matter
jurisdiction over the disputes, the district court remanded <u>both</u>
cases to state court.  We reversed only in part, holding the

We believe that the same reasoning applies to the present case. Here, unlike Thermtron, it is clear that the district court not only had the authority to decline to hear the case, but was in fact required to relinquish jurisdiction under McNary. Here, there is no question of the district court improperly refusing to hear a case properly before it, as occurred in Thermtron. In such circumstances, requiring the district court to dismiss, rather than remand, a removed § 1983 damage action involving state taxation policies and practices would promote neither comity nor efficiency, and would detract from the importance of state courts hearing § 1983 claims which challenge state taxation regimes, a jurisdiction which the Pennsylvania Supreme Court has recently asserted with vigor. See Murtagh v. County of Berks, 535 Pa. 50, 634 A.2d 179 (1993) (holding that § 1983 actions may be brought directly in state trial courts without first having to exhaust other administrative and judicial remedies available to them under state law in order to file a § 1983 action in state court).

As in Foster, permitting a remand in such circumstances helps sustain the district court's "inherent powers to correct abuses of federal practice and procedure, vindicating the

(..continued)
remand of the federal action to be improper as "lack of subject matter jurisdiction terminates a case originally filed in federal court because [Federal Rule of Civil Procedure] 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites." Id. at 751. Bradgate thus stands for the unsurprising proposition that only removed cases may be remanded. Here, of course, we deal only with a removed state court case.

improper use of removal," 933 F.2d at 1216.  In short, we see no reason why comity should prevent us from remitting such disputes to the courts of the very sovereignty whose interests informed the McNary doctrine in the first place.

We therefore hold that remand is available under McNary, subject to the limitation expressed in that case that there must exist a "plain, adequate and complete" remedy at the state level.


V

The Tax Injunction Act removes jurisdiction from federal courts over injunctive or declaratory state taxation actions provided a "plain, speedy and efficient" remedy is available at the state level.  McNary similarly states that comity will only be exercised in damages actions if the state remedy is "plain, adequate and complete," McNary, 454 U.S. at 116, a formula which the Court equated with the "plain, speedy and efficient" language of the Tax Injunction Act.  We have understood that this requirement, like that of the Tax Injunction Act, is to be read narrowly. Hardwick v. Cuomo 891 F.2d 1097, 1105 (3d Cir. 1989).  A state remedy is thus considered "plain, speedy and efficient" provided state procedures do not "preclude presentation and consideration of . . . federal rights." Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 514-15 (1981).

In 1991 we examined the relevant causes of action cognizable in Pennsylvania courts and Pennsylvania procedures for appealing tax assessments, and concluded that Pennsylvania

provides an adequate remedy for the purposes of the Tax Injunction Act.  Behe v. Chester County Bd. of Assessment Appeals, 952 F.2d 66 (3d Cir. 1991).  Upon review of the state law canvassed in Behe, we see no need to rehearse these findings here, other than to note that since that time the Pennsylvania Supreme Court has made it easier for taxpayers to bypass existing statutory procedures and bring an action directly in state court.

We hold that Pennsylvania provides a "plain, adequate and complete" remedy for § 1983 plaintiffs challenging state taxation policies.  Thus, remand was proper under McNary.[11]

VI

Mandamus, authorized by the All Writs Act, 28 U.S.C. § 1651(a), is traditionally used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).  Thus, "a writ is not available unless the district court has committed a clear abuse of discretion or engaged in conduct amounting to usurpation

---

[11]. We note that the fact that it was the state taxing authorities themselves which removed the case does not alter our conclusion that the comity rational of McNary applies.  Like the jurisdictional limitations imposed by the Tax Injunction Act, the comity rational of McNary acts as a restriction on the power of the courts (or, more precisely in McNary cases, on the exercise of that power).  See Hardwick, 891 at 1104 (defendant taxing authorities may not waive the jurisdictional bar of the Tax Injunction Act); Cox Cable Hampton Roads, Inc. v. City of Norfolk, Va., 739 F. Supp. 1074, 1076-77 (E.D.Va. 1990) (defendant taxing authorities may not waive the comity bar to adjudication of state tax damage actions).

of the judicial power." PAS, 7 F.3d at 353 (internal quotations and citations omitted).

Because we have determined that the district court acted properly in remanding the case to state court, we find no reason or ground to issue the writ, which would vacate the district court's remand order. Swatara's petition at Docket 94-7350 will therefore be denied, and the appeals from the remand order at Docket 94-7338 will be dismissed.

Costs will be taxed equally amongst Swatara Township, County of Dauphin, and the Dauphin County Board of Assessment Appeals.