**LUZERNE COUNTY CONVENTION CENTER AUTHORITY, Plaintiff,**

v.

**The TOWNSHIP OF WILKES–BARRE, Defendant.**

No. 3:99–CV–2195.

United States District Court,
M.D. Pennsylvania.

Dec. 27, 1999.

John P. Moses, Moses, Gelso & Prociak, Wilkes Barre, PA, for Luzerne County Convention Center Authority, plaintiff.

Bruce J. Phillips, McHugh, Wetzel, Caverly & Phillips, Wilkes Barre, PA, John Rodgers, Wilkes–Barre, PA, for Township of Wilkes–Barre, defendant.

## MEMORANDUM

MUNLEY, District Judge.

Before the court for consideration is the defendant's notice of removal. The plaintiff is the Luzerne County Convention Center Authority, and the defendant is the Township of Wilkes–Barre. After a review of the matter, we find that the Tax Injunction Act, 28 U.S.C. § 1341, divests us of jurisdiction to entertain this matter.

### Background

On January 25, 1999, the defendant passed an ordinance imposing a five percent (5%) amusement tax "on the privilege of attending or engaging in amusements, including every form of entertainment, diversion, sports, recreation or pastime." Ordinance No. 1998–31, Compl.Ex. A (hereinafter "Ordinance"). Plaintiff alleges that the tax is aimed exclusively at the newly opened Northeastern Pennsylvania Civic Arena and Convention Center, (hereinafter "arena") which it owns and operates. Plaintiff contends that the defendant has only attempted to apply the tax to the arena, and no other place of amusement. Compl. ¶ 21. The ordinance provides that the tax is to be collected at the source by the party conducting the public amuse-

ment. Ord. § 5. As of the date of the filing of the complaint, the plaintiff had not collected the tax from its patrons.

Defendant informed the plaintiff that it must make payment of the amusement tax by December 15, 1999. A failure to make payment under the Ordinance is punishable by a maximum fine of $600.00 or thirty (30) days imprisonment for each offense. Ord. § 11. Plaintiff claims that its failure to pay the tax will constitute a default under its financing arrangement, which would subject the plaintiff to the immediate threat of acceleration of its twenty million dollar debt and the potential loss of the arena. Compl. ¶ 45. Plaintiff believes the tax to be illegal as applied to the arena. Accordingly, on December 15, 1999, the instant suit was initiated.

Plaintiff alleges that it is a municipal authority created under the Pennsylvania Municipal Authorities Act of 1945, and Pennsylvania law exempts such municipal authorities from being required to pay any taxes or assessments upon any property acquired or used by them for public purposes. Compl. ¶ 26. Plaintiff seeks to have the court issue a declaratory judgment that the tax does not apply to the arena and cannot be levied against any activity occurring there. Further, the plaintiff seeks a declaratory judgment that the plaintiff cannot be compelled to collect any tax imposed and cannot be sanctioned for refusal to collect the tax. Plaintiff also alleges that the tax is unlawful, excessive and unreasonable and thus invalid pursuant to 53 P.S. § 6906 (Purdon's 1999). Plaintiff further challenges the tax as violating the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution.

The Luzerne County Court of Common Pleas has already exercised jurisdiction in this case. It entered a preliminary injunction in favor of the plaintiff on December 15, 1999 enjoining the defendant from the following: enforcing the tax against the plaintiff; assessing or collecting any tax for events occurring at the arena; suspending or revoking the plaintiff's amusement permit; levying any fee or interest on alleged monies owed under the ordinance; prosecuting and/or pursuing any criminal violation authorized under the ordinance; or impeding the operation of the arena in any way. The court also scheduled a hearing for December 28, 1999, regarding whether the preliminary injunction should be continued.

On December 21, 1999, the defendant filed the instant notice of removal in which it attempts to remove the action from the Luzerne County Court of Common Pleas to this court. In its notice of removal, the defendant claims that we have jurisdiction pursuant to 28 U.S.C. 1331, in that the suit arises under the United States Constitution.

**Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir.1993) *cert. denied sub nom Upp v. Mellon Bank, N.A.*, 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 216 (3d Cir.1999).

The law provides that a civil action brought in state court over which the federal district court has jurisdiction can be removed to federal court by the defendant. 28 U.S.C. § 1441. As noted above, the defendant alleges we have jurisdiction because this is a case dealing with the United States Constitution. We find, however, that the Tax Injunction Act, 28 U.S.C. 1341, (hereinafter "Act") is applicable and divests us of jurisdiction as the subject matter of the case is a tax enacted by a municipality.

Under the Tax Injunction Act, "district courts shall not enjoin, suspend or restrain

**358**

the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. While the law is drafted with the word "State" it applies with equal force to municipal and local tax ordinances. *Behe v. Chester County Board of Assessment,* 952 F.2d 66, 68 (3d Cir.1991); *Trading Company of North America, Inc. v. Bristol Twp. Authority,* 47 F.Supp.2d 563, 567, n. 7 (E.D.Pa.1999).

The Third Circuit has explained the Act as follows:

The Supreme Court, emphasizing that the Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations," *Tully v. Griffin, Inc.,* 429 U.S. 68, 73, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), has read the act quite broadly. As one commentator has noted, "the Supreme Court has expanded the scope of the Act to exclude virtually all challenges to state and local taxation from the federal courts." Note, *Clarifying Comity: State Court Jurisdiction and Section 1983 State Tax Challenges,* 103 Harv. L.Rev. 1888, 1888 (1990) (hereinafter, *Clarifying Comity* ). For example, although the plain language of the Act prohibits only injunctions, the Supreme Court has held that the Act also prohibits a federal court from issuing declaratory judgments. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982). As a result of its expansive reading of the Act, "the court has woven an almost impenetrable barrier to state tax challenges in federal court." *Clarifying Comment,* 103 Harv.L.Rev. at 1890.

*Behe,* 952 F.2d at 68.

■ Accordingly, a federal district court does not have jurisdiction to hear a declaratory judgment action involving a local tax unless the state fails to provide a plain, speedy and efficient remedy. This exception is to be narrowly construed, and a state remedy will be sufficient if it provides the taxpayer with a full hearing and judicial determination in which the taxpayer may raise any and all constitutional objections. *Hardwick v. Cuomo,* 891 F.2d 1097, 1105 (3d Cir.1989).

In the instant case, the plaintiff apparently believes that the state provides an adequate remedy because it chose to commence suit in the Court of Common Pleas.[1] Moreover, a full hearing is available; in fact, one is scheduled for December 28, 1999. Defendant has failed to raise any issue with regard to the state procedure or why it may be inadequate.

■ The procedures of the Pennsylvania courts involving tax cases have been examined in various federal cases construing the Act and have been found to be adequate. *Behe, supra, Trading Company, supra, Balazik v. County of Dauphin,* 44 F.3d 209, 218 (3d Cir.1995). Accordingly, we find that the plaintiff has a plain, speedy and efficient remedy in the Pennsylvania court system, and therefore, we are without jurisdiction pursuant to the Act. The case shall be remanded to the Luzerne County Court of Common Pleas. An appropriate order follows.

### ORDER

**AND NOW,** to wit, this 27th day of December 1999, it is hereby **ORDERED** that:

1) The above-captioned action is remanded to the Luzerne County Court of Common Pleas; and

2) The Clerk of Court is directed to close this case.

---

1. The commencement of the suit in state court seems appropriate as the majority of the challenges to the law deal with Pennsylvania statutes or the Pennsylvania Constitution. The sole mention of federal law is found in one paragraph of the complaint which alleges, with no further elaboration, that the ordinance in question violates the Equal Protection Clause of the United States Constitution. Compl. ¶ 37.