

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2005

# In Re: Chavis

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Chavis " (2005). *2005 Decisions.* Paper 1152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-220                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1973
_____

IN RE:
SHARON CHAVIS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 04-CV-06130)
District Judge: Honorable William H. Walls

_____

Submitted Under Rule 21, Fed. R. App. Pro.
APRIL 21, 2005
Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed May 19, 2005)

_____

OPINION

_____

PER CURIAM

    Sharon Chavis has filed a petition for a writ of mandamus, seeking to have this

Court direct the United States District Court for the District of New Jersey to refrain from

remanding to state court two matters that she had removed to federal court; Luis Pacheco

v Sharon Chavis, Superior Court of Hudson County, Special Civil Part, LT 17708-04, and

<u>Bayonne Hospital v. Sami Kanaan, et al.</u>, Superior Court of New Jersey, Hudson County, No. DJ 088812-04. Chavis also seeks to have this Court order the District Court to grant a hearing to show cause why the matters should not be remanded. In an order dated March 4, 2005, and entered on March 7, 2005, the District Court remanded the <u>Pacheco</u> case to state court.[1]

Mandamus is an appropriate remedy only in the most extraordinary of situations. <u>In re Pasquariello</u>, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that she has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 89 (3d Cir. 1992) (citing <u>Kerr v. United States District Court</u>, 426 U.S. 394, 402 (1976)).

To the extent Chavis seeks to have this Court order the District Court not to proceed on remanding the <u>Pacheco</u> case, the petition is moot, as the District Court has already acted.[2] To the extent she seeks to have this Court require the District Court to hold a hearing before remanding the <u>Bayonne Hospital</u> case, she has not shown that she has a clear and indisputable right to have this Court intervene. If Chavis is correct in her

---

[1]It appears that Chavis prepared her petition for a writ of mandamus on March 5, 2005; thus, she was probably not aware that the District Court had entered this order.

[2]Further, as the District Court remanded because it lacked subject matter jurisdiction, this Court cannot review the District Court's remand order on appeal or by mandamus. <u>Thermtron Products, Inc. v. Hermansdorfer</u>, 423 U.S. 336, 345-46 (1976) (28 U.S.C. § 1447(d) prohibits review of remand orders based on § 1447(c)).

2

assertion that the District Court has pendant jurisdiction to consider the state law claims in <u>Bayonne Hospital</u>–we stress that we express no opinion as to whether she is correct – then the District Court has discretion to decline to hear the case. <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 216 (3d Cir. 1995). Where the District Court may exercise its discretion, mandamus is not appropriate.

For the foregoing reasons, we will deny the petition.